# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Military Aircraft Parts ) | ASBCA No. 60139 |
| ) | |
| Under Contract No. SPM4A7-12-M-4479 ) | |

APPEARANCE FOR THE APPELLANT:    Mr. Robert E. Marin
    President

APPEARANCES FOR THE GOVERNMENT:    Daniel K. Poling, Esq.
    DLA Chief Trial Attorney
    Edward R. Murray, Esq.
    Jason D. Morgan, Esq.
    Trial Attorneys
    DLA Aviation
    Richmond, VA

## OPINION BY ADMINISTRATIVE JUDGE O'SULLIVAN ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

This appeal arises out of the deemed denial of a claim for breach of contract damages filed by appellant Military Aircraft Parts (MAP) in connection with three purchase orders (hereinafter referred to as contracts 3228, 3284 and 4479). DLA Aviation (DLA) moved to dismiss MAP's appeal, alleging that appellant's claim was actually a challenge to DLA's default termination of the contracts that occurred more than two years earlier.

The Board granted DLA's motion with respect to contracts 3228 and 3284. *See Military Aircraft Parts*, ASBCA No. 60139, 16-1 BCA ¶ 36,390 at 177,425. With respect to contract 4479, we deferred our decision because, unlike the other two contracts, contract 4479 did not include a default clause.[1] We therefore requested supplemental briefing from the parties on the question of whether the lack of a default clause in contract 4479 rendered the contracting officer's final decision (COFD) terminating it for default legally deficient such that it would not trigger the running of the 90-day appeal period under the Contract Disputes Act (CDA), 41 U.S.C. § 7104(a) (Bd. corr. order dtd. 2 June 2016).

---

[1] Where the dollar value of a contract for supplies and services does not exceed the simplified acquisition threshold, defined at FAR 2.101 as $150,000, the decision concerning whether to use the default clause is discretionary with the contracting officer. FAR 49.504(a)(1). The dollar value of contract 4479 fell far short of that threshold amount.

The parties have filed supplemental briefs as requested by the Board. Familiarity with our prior decision on contracts 3228 and 3284 is presumed.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On 15 February 2012, DLA awarded MAP contract 4479 for aircraft structural parts similar to those ordered under contracts 3228 and 3284, for a total price of $16,225 (gov't mot., ex. I at 1). The relevant facts with respect to contract 4479 are otherwise substantially the same as those discussed with respect to contracts 3228 and 3284 in our prior decision with one critical distinction. Contracts 3228 and 3284 incorporated by reference the default clause found at FAR 52.249-8. *See Military Aircraft Parts*, 16-1 BCA ¶ 36,390 at 177,421. In contrast, contract 4479 did not (gov't supp. br., ex. 3).

Despite that omission, the 1 April 2013 COFD relating to contract 4479 advised MAP that the contract was being terminated for default (gov't supp. br., ex. 4). Although the COFD did not specifically reference the default clause (*id.*), the unilateral contract modification dated 2 April 2013 effecting the termination did, reading as follows:

> YOU ARE HEREBY ADVISED THAT THE CONTRACTING OFFICER, IN THE EXERCISE OF HIS INDEPENDENT JUDGMENT, ASSERTS THAT YOU ARE IN DEFAULT FOR FAILING TO PROVIDE A FIRST ARTICLE SAMPLE THAT MEETS CONTRACT REQUIREMENTS, BY NOT MAKING DELIVERY UNDER THE CONTRACT, THAT NO EXCUSABLE CAUSE FOR DELAY HAS BEEN ALLEGED, AND THAT THE CONTRACT IS TERMINATED FOR DEFAULT EFFECTIVE 1 APR 2013, PURSUANT TO FEDERAL ACQUISITION CLAUSE 52.249-8, ENTITLED 'DEFAULT', WHICH IS A PART OF THE CONTRACT BY REFERENCE.

(*Id.*, ex. 5 at 2) MAP did not challenge DLA's default termination of any of the three contracts, including contract 4479, within the 90-day appeal period set forth in the CDA, 41 U.S.C. § 7104(a) (gov't supp. br. at 3).

By letter dated 27 April 2015, MAP submitted to the contracting officer a claim for breach of contract damages arising out of all three contracts, including contract 4479 (compl., ex. C). The contracting officer responded by email dated 22 May 2015 informing MAP that the three contracts had been terminated for default and that DLA considered the matter closed (compl., ex. D). MAP filed its notice of appeal from the deemed denial of its claim by letter dated 25 August 2015. DLA

2

moved to dismiss for lack of jurisdiction on 28 August 2015, arguing that MAP's appeal was not timely because it had not been filed within 90 days of the contracting officer's default terminations two years earlier.

## DECISION

MAP bears the burden of proving the Board's subject matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exchange Service*, 846 F.2d 746, 748 (Fed. Cir. 1988). The Board's jurisdiction is circumscribed by the CDA, which requires a contractor to appeal a COFD within 90 days of receipt. *Military Aircraft Parts*, 16-1 BCA ¶ 36,390 at 177,423 (citing 41 U.S.C. § 7104(a)). Unless a contractor appeals the COFD within that statutory time frame, it is final and conclusive and not subject to review. *Id.* (citing 41 U.S.C. § 7103(g)).

It is undisputed that MAP did not challenge the COFD terminating contract 4479 for default within the CDA's 90-day appeal period. Therefore, if MAP's 27 April 2015 claim relating to contract 4479 is in reality a challenge to the propriety of the default termination, as we found it to be with respect to the default terminations of contracts 3228 and 3284, its appeal may be untimely.

We find that MAP's 27 April 2015 claim relating to contract 4479 equates to a challenge to the COFD terminating the contract for default. The claim is based on the facts, circumstances, and actions leading up to the default termination more than two years earlier and is inextricably bound up with the question of the default termination's propriety. Thus MAP's appeal arising out of this claim as it relates to contract 4479 is untimely, unless the COFD failed to trigger the running of the appeal period.

Although contract 4479 lacked a default clause, both parties' briefs on the government's original motion to dismiss assumed the opposite. We therefore requested supplemental briefing on the question of whether that omission affected the validity of the COFD for purposes of triggering the CDA's 90-day appeal period.

DLA's argument focuses not on the presence or absence of a default clause but on the CDA's procedural requirements for a COFD. DLA asserts that because the COFD terminating contract 4479 for default met those requirements, it is "final and conclusive" unless timely appealed, a circumstance that did not occur here (gov't supp. br. at 3-4 (citing 41 U.S.C. § 7103 (d)-(g))).

In contrast, MAP argues that the omission of the default clause from contract 4479 did not provide it with "adequate notice of government termination rights" (app. supp. br. at 3). According to MAP, this omission means that the 90-day appeal period in the CDA never began to run and that therefore its appeal was timely filed (*id.*). MAP also argues that the COFD failed to inform MAP it could not proceed

*pro se* at the Court of Federal Claims and was therefore deficient and insufficient to trigger the running of the appeal period (app. supp. br. at 6-7).

We agree with DLA, and find that contract 4479's lack of a default clause does not affect the validity of the COFD as it relates to the running of the CDA's 90-day appeal period. MAP cites no authority for its proposition that the absence of a default clause from a contract invalidates a COFD terminating a contract for default, and we are unaware of any. As to MAP's argument that the COFD's failure to inform it that the Court of Federal Claims rules prohibit it from proceeding *pro se* rendered the COFD invalid for purposed of triggering the running of the CDA's 90-day appeal period, we have rejected that argument for the reasons stated in our denial of MAP's motion for reconsideration of our decision in *Military Aircraft Parts,* 16-1 BCA ¶ 36,390, issued simultaneously herewith.

As we noted in our prior decision, Board precedent has long held that "the 90-day appeal period under the CDA is jurisdictional, absolute, and may not be waived." *Military Aircraft Parts,* 16-1 BCA ¶ 36,390 at 177,423 (citing *Waterstone Environmental Hydrology and Engineering, Inc.,* ASBCA No. 57557, 12-1 BCA ¶ 35,028 at 172,141). That interpretation has been confirmed by the United States Court of Appeals for the Federal Circuit, and we are bound by that authority. *Military Aircraft Parts,* 16-1 BCA ¶ 36,390 at 177,423 (citing *Cosmic Construction Co. v. United States,* 697 F.2d 1389, 1390-91 (Fed. Cir. 1982)). The Board therefore lacks jurisdiction to hear MAP's appeal.

In light of our conclusion, we have considered, but need not address here, the other arguments raised by the parties in their supplemental briefs.[2] DLA's motion to dismiss MAP's appeal as it relates to contract 4479 is granted. The appeal is dismissed for lack of jurisdiction.

Dated: 21 February 2017

LYNDA T. O'SULLIVAN
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

[2] We have also considered the supplemental case citations provided to the Board by MAP on 3 January 2017. They do not persuade us to a different result.

4

I concur                                    I concur

MARK N. STEMPLER                            RICHARD SHACKLEFORD
Administrative Judge                        Administrative Judge
Acting Chairman                             Vice Chairman
Armed Services Board                        Armed Services Board
of Contract Appeals                         of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60139, Appeal of Military Aircraft Parts, rendered in conformance with the Board's Charter.

Dated:


JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5